An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DARRIN MORRIS,
Appellant,
vs.
TRISHA MORRIS,
Respondent.

No. 65629

**FILED**

JUL 2 3 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER AFFIRMING IN PART AND REMANDING IN PART*

This is an appeal from a district court divorce decree. Eighth Judicial District Court, Clark County; Vincent Ochoa, Judge.

Appellant first challenges the district court's decision regarding child custody, arguing that the visitation schedule was not in the children's best interest. The district court awarded joint physical custody to the parties with appellant having custody from Friday to Sunday and respondent having custody for the remainder of the week during the school year. The best interest of the children is the sole consideration when resolving custody disputes arising from the dissolution of a marriage. NRS 125.480(1). This court reviews child custody decisions for abuse of discretion, *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996), and will not set aside the district court's factual findings if they are supported by substantial evidence, *Ellis v. Carucci*, 123 Nev. 145, 149, 161 P.3d 239, 242 (2007). Substantial evidence supports the district court's determination that the children's best interest will be served by the visitation schedule. In particular, the parties' unequal

SUPREME COURT
OF
NEVADA

(O) 1947A

15-22329

timeshare is limited to the school year, appellant receives an offset of additional time during the summer, and testimony before the district court indicated the older child's grades suffered because of the divorce, appellant is not involved with the child's education, and homework was not completed when the child was with appellant. Additionally, although appellant made allegations about a potential sex offender having access to the children, appellant presented no evidence establishing that the person was a sex offender or that the district court's custody schedule would put the children in contact with that person.

Appellant also challenges his $250-per-month child support obligation, arguing that the district court incorrectly calculated his income and failed to consider that respondent was living rent-free. The district court found appellant's testimony about his income not credible and based the child support amount on what it found to be appellant's actual income. This court will not reweigh conflicting evidence or assess witness credibility, *Ellis*, 123 Nev. at 152, 161 P.3d at 244, and here, substantial evidence supports the district court's finding regarding appellant's income, *see id.* at 149, 161 P.3d at 242. As to appellant's argument that respondent's rent-free residence should have been considered when calculating child support, living rent-free does not affect gross income and is thus irrelevant under the statutory formula for calculating child support. *See* NRS 125B.070 (defining gross income and providing presumptive child support amounts based on gross income).

Finally, appellant argues that the district court abused its discretion when it granted respondent exclusive possession of the marital home and ordered her to make her best efforts to remove appellant from the mortgage. We conclude that the district court order is unclear as to the parties' respective interests in the marital home and associated mortgage obligation, and we remand for clarification of the divorce decree as to this issue. We affirm the divorce decree in all other respects.

It is so ORDERED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Vincent Ochoa, District Judge
Lansford W. Levitt, Settlement Judge
Prokopius & Beasley
Black & LoBello
Eighth District Court Clerk